ORDERED.

Dated: June 03, 2019

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| TERRY HONG-YIN CHAN ) | Case No. 6:18-bk-03297-KSJ |
| and JACQUELYN ANGIULLI CHAN, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |

## ORDER DENYING MOTION FOR RELIEF FROM STAY

Movants, Jiaxi Hu, Mengfang Li, Xiaoyan Wu, Wei Ren, Ruimin Chen, Jianli Du, Jimei Zhang, Zhenping Hao, Jie Cui, and Guiying Wang ("Movants"), are Chinese citizens who allege the Debtors, Terry and Jacquelyn Chan ("Debtors"), with other parties, including the Debtors' estranged family members, defrauded them in a EB-5 Visa scam. They now seek relief from the automatic stay to continue litigation pending in Ohio.[1] Debtors oppose stay relief because they lack funds to defend themselves in a complex multi-party action in Ohio.[2] After balancing the interests and prejudices of all parties and considering the evidence,[3] I will deny stay relief.

---

[1] Doc. No. 30.
[2] Doc. No. 38.
[3] Trial was held on April 12, 2019.

1

The facts are undisputed and stipulated to by the parties.[4] Debtors previously lived and worked in Ohio.[5] In Ohio federal court, the Movants alleged the Debtors, related family members, and related business entities defrauded them with an alleged EB-5 Visa program.[6] A true EB-5 Visa program allows foreign nationals to invest money in American companies to create new jobs in the United States. The Visa holder then is granted permanent residence in the United States. Here, the Movants allege the Debtors (and others) induced them to participate in a fraudulent EB-5 Visa program causing them to lose millions of dollars.[7]

While the Ohio Litigation was pending, the Debtors moved to Florida, opened a restaurant, and then filed this Chapter 7 liquidation case.[8] The Movants deferred prosecuting the Ohio Litigation against the other non-debtor defendants (to whom the stay does not apply) hoping to lift the automatic stay against the Debtors imposed in this bankruptcy filing. Movants obviously would prefer to litigate against *all* defendants in one action.

The Chapter 7 bankruptcy case has proceeded uneventfully. The meeting of creditors was held and quickly concluded.[9] The Chapter 7 Trustee filed a report stating there was no property available for distribution from the estate, meaning creditors will receive no payments from the Chapter 7 Trustee.[10]

---

[4] Doc. No. 57 (Parties' Joint Stipulation of Facts).
[5] Doc. No. 57, ¶¶ 11-12.
[6] Doc. No. 30, Exh. A; Doc. No. 57, ¶ 1. The Ohio Litigation was filed originally on November 4, 2015, in the United States District Court for the Southern District of Ohio, Western Division of Cincinnati (the "Ohio Litigation").
[7] Doc. No. 30, Exh. A.
[8] Doc. No. 1; Doc. No. 57, ¶ 24. This Chapter 7 case was filed on June 1, 2018. Doc. No. 1.
[9] *See* Docket Entry between 36 and 37. The Meeting was concluded on August 7, 2018.
[10] Doc. No. 57, ¶ 25.

Debtors operate a family restaurant which has yet to break even.[11] Debtors' monthly expenses exceed their gross income.[12] So, they have no excess monies to fund travel or litigation costs in Ohio.

Movants have filed an adversary proceeding against the Debtors asserting claims similar to those raised in the Ohio Litigation.[13] The adversary proceeding complaint also alleges the debts from the fraudulent EB-5 Visa scheme are non-dischargeable under §§ 523(a)(2), (a)(4), and (a)(6) of the Bankruptcy Code.[14] Bankruptcy courts have exclusive jurisdiction to decide claims raised in these sections.[15]

Movants now request stay relief to permit them to pursue the Ohio Litigation against the Debtors through final judgment. Section 362(d)(1) of the Bankruptcy Code provides for relief from the automatic stay "for cause."[16] Cause is not defined in the Bankruptcy Code, so courts often analyze cause by considering the totality of the circumstances in each case.[17] The movant has the initial burden to show that "cause" exists.[18] There are no set circumstances that bankruptcy courts must consider when evaluating cause under § 362(d)(1). Generally, courts "have looked to a variety of case-specific factors, including (1) whether the [Debtors have] acted in bad faith; (2) the 'hardships imposed on the parties with an eye towards the overall goals of the Bankruptcy Code'; and (3) pending state court proceedings."[19] The Court may consider "the proportionality of the

---

[11] Doc. No. 57, ¶ 26.
[12] Doc. No. 57, ¶¶ 29.
[13] 6:18-ap-00097-KSJ. Two other adversary proceedings were initiated against the Debtors (6:18-ap-00098-KSJ and 6:18-ap-00099-KSJ). These adversary proceedings address similar alleged fraudulent EB-5 visa programs. Doc. No. 57, ¶ 31. Neither plaintiff in these related adversary proceedings have sought relief from the automatic stay.
[14] All references to the Bankruptcy Code refer to 11 U.S.C. §§ 101 *et. seq.*
[15] *In re Scantling*, 465 B.R. 671, 679 (Bankr. M.D. Fla. 2012), *aff'd*, 754 F.3d 1323 (11th Cir. 2014) ("On the other hand, bankruptcy courts have exclusive jurisdiction to determine the dischargeability of debts specified in [§ 523(a)(2), (4), and (6)]").
[16] *In re R.J. Groover Const., LLC*, 411 B.R. 473, 477 (Bankr. S.D. Ga. 2008).
[17] *In re Feingold*, 730 F.3d 1268, 1276 (11th Cir. 2013).
[18] *In re R.J. Groover Const., LLC*, 411 B.R. at 477.
[19] *In re Feingold*, 730 F.3d at 1276 (internal citations omitted).

harms from modifying or continuing the stay," too.[20] Courts often analyze equitable considerations like balancing the prejudice to the debtor against the hardship of the moving party and judicial economy.[21]

Judicial economy favors the Debtors. Although the Ohio Litigation and the bankruptcy adversary proceeding share common issues of fact and law, the Bankruptcy Court has exclusive jurisdiction of the claims raised in the Movants' adversary proceeding under § 523(a)(2), (4), and (6) of the Bankruptcy Code.[22] This exclusive jurisdiction favors continuing the automatic stay. If stay relief was granted, it would allow the Ohio court to liquidate a contingent claim against the Debtors, but the Movants would still need to return to the Bankruptcy Court to litigate the §523 issues.

Debtors financially cannot afford to litigate these issues in two forums. There already are two other similar adversary proceedings pending in this Court, and the Debtors have a lawyer representing them here. To require them to travel to Ohio and hire new lawyers would cost substantial more monies, which the Debtors lack. They cannot pay their bills now. They simply could not afford to hire another legal team in Ohio.

The Ohio Litigation also is more complex because it includes numerous other defendants, each with unique claims and defenses. And, some defendants are estranged family members with whom the Debtors would encounter hostilities. These factors would complicate the Ohio Litigation, making it even more expensive.

The Movants prefer Ohio as a forum. All parties are included. If the automatic stay is not lifted, the Movants would have to litigate in both Florida and Ohio. They would be forced to

---

[20] *Id.* (internal citations and quotation marks omitted).
[21] *In re Mack*, 347 B.R. 911, 916 (Bankr. M.D. Fla. 2006), order aff'd, appeal dismissed, No. 6:06CV1782ORL-19, 2007 WL 1222575 (M.D. Fla. Apr. 24, 2007).
[22] *In re Scantling*, 465 B.R. at 679.

proceed against the non-debtor defendants in the Ohio Litigation and the Debtors in this bankruptcy case. And, there are material fact witnesses in Ohio. But the Ohio Litigation is in a relatively early stage. No discovery has occurred, and no trial is set.[23]

In balancing the harm to the Movants versus the harm to the Debtors, I conclude granting stay relief would prejudice the Debtors *more*. Debtors have no money to mount a defense in Ohio. The Ohio Litigation is more complex, will cost more to litigate, and will require the Debtors to join with other defendants estranged and hostile to them. They simply cannot afford this endeavor. In Florida, the issues are more precise, directed only to them, and, most important, Debtors have counsel in Florida to represent their interests.

Movants are facing litigation in two forums—litigating the claim in Ohio and then returning to the Florida Bankruptcy Court to determine if the debt is dischargeable—even if stay relief were granted. Judicial economy dictates that one court should decide both issues to avoid inconsistent rulings, and only the Bankruptcy Court can reach *all* issues against the Debtors. Movants will always be stuck with needing two forums to finally resolve this proceeding.

And, to ameliorate any extra expense caused by geographically distant witnesses, the Court encourages video testimony and other technology to reduce costs. And, the Court notes, the Movants are Chinese nationals. The difference between Ohio versus Florida is largely irrelevant.

On the other factors, like bad faith and the overall goal of the Bankruptcy Code, the Court finds these factors also weigh in the Debtors' favor. The Court finds no bad faith on this record, and the goal of the Bankruptcy Code is to provide honest debtors with a fresh start. The automatic stay is critical to achieving that goal. Movants will have their day in court by pursuing the

---

[23] Doc. No. 57, ¶¶ 34-35.

adversary proceeding under the Bankruptcy Code, and the Debtors enjoy the protections while the adversary proceeding is litigated.

After considering the totality of the circumstances, the proportionality of the harms of continuing or modifying the stay to the Debtors and the Movants, and other equitable considerations, the Court finds the Movants have failed to show sufficient cause to justify stay relief.

Accordingly, it is

**ORDERED**:

1. The Motion for Relief from Stay (Doc. No. 30) is **DENIED.**
2. Movants, however, may subpoena the Debtors to provide testimony in the Ohio Litigation via deposition or video, and the Court freely will allow video testimony of witnesses in Ohio and of the Movants, wherever they reside.

###

The Clerk is directed to serve a copy of this order on all interested parties.